UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,


            -against-                                          06 Civ. 13723 (LAK)


ORLANDO JOSEPH JETT,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION


            Appearances:


                        John J. Graubard
                        Mark K. Schonfeld
                        Regional Director
                        *Attorneys for Plaintiff*


                        Orlando Joseph Jett
                        *Defendant* Pro Se


LEWIS A. KAPLAN, *District Judge.*

            The Securities and Exchange Commission ("SEC" or the "Commission") applies for

enforcement of its order against Orlando Joseph Jett ("Jett").  Jett claims that the Commission's

underlying administrative decision was wrong and that the Commission deprived him of due process

of law by failing to notify him of the decision, resulting in his failure to file a timely petition for review

in the Court of Appeals.

*Facts*

Jett was charged administratively with a variety of securities law violations and defended himself *pro se* before the Commission.  Section 102(d)(1) of the Commission's Rules of Practice provided as follows:

> "Representing oneself. When an individual first makes any filing or otherwise appears on his or her own behalf before the Commission or a hearing officer in a proceeding as defined in § 201.101(a), he or she shall file with the Commission, or otherwise state on the record, and keep current, an address at which any notice or other written communication required to be served upon him or her or furnished to him or her may be sent and a telephone number where he or she may be reached during business hours."[1]

The address designated by Jett was 61 East Eighth Street, Suite 299, New York, New York 10003.[2] The official records of the Commission do not indicate that Jett ever informed the Commission that the 61 East Eighth Street location was not his address, or that Jett ever provided the Commission with another address.[3]  Jett does not claim otherwise.  In addition, in October 2003, Jett responded to a fax sent to him at 212-265-8886.  His response stated that he subsequently could be reached by fax at 646-349-5208.[4]

On March 5, 2004, the SEC rendered its Opinion and Order Imposing Remedial Sanctions on Jett.[5]  The Order provided in pertinent part:

---

[1]  17 C.F.R. § 201.102(d)(1) (2004).

[2]  Morris Decl. ¶ 4.

[3]  *Id.* ¶ 11.

[4]  *Id.* ¶¶ 5, 12.

[5]  *Matter of Orlando Joseph Jett,* Securities Act of 1933 Rel. No. 8395, Securities Exchange Act of 1934 Rel. No. 49366 (Mar. 5, 2004), Admin. Proc. File No. 3-8919 (the "Opinion").

"On the basis of the Commission's opinion issued this day, it is:

"ORDERED that Orlando Joseph Jett cease and desist from committing or causing any violations, or future violations, of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder; and it is further

"ORDERED that Orlando Joseph Jett cease and desist from causing any violations, or future violations, of Section 17(a) of the Securities Exchange Act of 1934 and Rule 17a-3 and Rule 17a-5 thereunder; and it is further

"ORDERED that Orlando Joseph Jett be, and he hereby is, barred from association with any broker, dealer, member of a national securities exchange, or member of a registered securities association; and it is further

"ORDERED that Orlando Joseph Jett disgorge the amount of $8.21 million; and it is further

"ORDERED that Orlando Joseph Jett pay a civil money penalty in the amount of $200,000.

"Jett's payment of disgorgement and the civil money penalty shall be: (i) made by United States postal money order, certified check, bank cashier's check, or bank money order made payable to the Securities and Exchange Commission, (ii) delivered by hand or courier to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Stop 0-3, Alexandria, Virginia 22312, within thirty days of the date of this order; and (iii) submitted under cover letter which identifies Jett as the respondent in this proceeding and gives the file number of this proceeding. A copy of the cover letter and check shall be sent to Edwin H. Nordlinger, Deputy Regional Director, Northeast Regional Office, Division of Enforcement, Securities and Exchange Commission, The Woolworth Building, 233 Broadway, New York, New York 10279."

The Commission's Rules of Practice provide that the Secretary of the Commission is to make service of orders and decisions of the Commission.[6]  With respect to orders or decisions other than orders instituting proceedings, 17 C.F.R. § 201.141(b) provides that service shall be made:

      a.      In the manner provided for the service of an order instituting proceedings as

---

[6]  Morris Decl., ¶ 7.; 17 C.F.R. § 201.141.

4

set forth in 17 C.F.R. § 201.141(a);[7]

    b.    By facsimile if the party receiving such notice has agreed in writing to receive facsimile service;[8] or

    c.    In the manner provided for the service of papers by parties to proceedings before the Commission as set forth in 17 C.F.R. § 201.150(c)(1), (2), and (3).[9]

The Office of the Secretary maintains a tracking system (the "Tracking System") to record the service of all orders and decisions of the Commission.[10]  The Tracking System records indicate that on March 5, 2004, the Office of the Secretary sent the Opinion and Order to Jett by (1)

---

[7]

Service on an individual under 17 C.F.R. § 201.141(a) shall be made by delivery of a copy of the order to the individual or to an agent authorized by appointment of law to receive such notice by "handing a copy of the order to the individual; or leaving a copy at the individual's office with a clerk or other person in charge thereof; or leaving a copy at an individual's dwelling house or usual place of above with some person of suitable age or discretion then residing therein; or sending a copy of the order addressed to the individual by U.S. Postal Service certified, registered or Express Mail and obtaining a confirmation of receipt; or giving confirmed telegraphic notice."

[8]

"Such orders or decisions may also be served by facsimile transmission if the party to be served has agreed to accept such service in a writing signed by the party, and has provided the Commission with information concerning the facsimile machine telephone number and hours of facsimile machine operation." 17 C.F.R. § 201.141(b).

[9]

Service under 17 C.F.R. § 201.150(c)(1) is made by "handing a copy of the order to the individual; or leaving a copy at the individual's office with a clerk or other person in charge thereof; or leaving a copy at an individual's dwelling house or usual place of above with some person of suitable age or discretion then residing therein."

Service under 17 C.F.R. § 201.150(c)(2) is made by "Mailing the papers through the U.S. Postal Service by first class, registered, or certified mail or Express Mail delivery addressed to the person."

"Service under 17 C.F.R. § 201.150(c)(3) is made by "Sending the papers through a commercial courier service or express delivery service."

[10]

Morris Decl. ¶ 9.

5

certified mail, (2) facsimile, and (3) first class mail.[11]  The mailed copies were sent to the East Eighth Street address and the fax to 646-349-5208.[12]  If such items had been returned undelivered, that fact would have been noted in the Tracking System, and the returned items would have been placed in the Commission's official records.[13]  The Tracking System record does not show that either the certified mail or the first class mail sent to Jett were returned by the United States Postal Service as undelivered.[14]

The copy of the Opinion and Order served on Jett by facsimile was sent to 646-349-5208, and the records of the Commission show that the facsimile was received at that telephone number.[15]

Although the Opinion and Order was a final order of the Commission, Jett did not petition for review.  The Commission seeks enforcement, claiming that Jett has not complied in all respects with the Opinion and Order.  Jett resists, arguing that he was deprived of his right to appeal from the Opinion and Order, and seeks to litigate here the merits of the Commission's administrative charges against him.

---

[11] *Id.* ¶ 10; Exhibit G.

[12] Morris Decl. ¶¶ 11-12.

[13] *Id.* ¶ 10.

[14] *Id.*

[15] *Id.* ¶ 12; Exhibit H.

6

*Discussion*

A.      *Jurisdiction*

Jett's attempt to litigate here the merits of the Commission's Opinion and Order is misguided.

Section 25(a)(1) of the Securities Exchange Act of 1934 provides:

> "A person aggrieved by a final order of the Commission entered pursuant to this title may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit, by filing in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part."[16]

This statute confers exclusive jurisdiction on the Court of Appeals to review the merits of a Commission order.  This Court lacks subject matter jurisdiction over such issues.

B.      *Jett's Due Process Contention*

Jett's memorandum claims in substance that he was deprived of the right to seek review of the Opinion and Order because the SEC "failed to make even a rudimentary effort to notify Jett, who they were aware was appearing Pro Se, of the ruling."[17]   Moreover, although his present memorandum does not explicitly deny knowledge and receipt of the Opinion and Order, an earlier unsworn filing does assert that "[t]he defendant was unaware of the March 2004 decision."[18]  He does

---

[16]

15 U.S.C. § 78y(a)(1).

[17]

DI 20, at 8.

[18]

Memorandum in opposition of order commanding compliance with an order of the Securities and Exchange Commission, at 5.

This assertion would be highly questionable even if it had been made under oath.  A a cursory Nexis search shows that the decision was widely reported in the press, and a *New York Times*

not, however, dispute the facts concerning notification that are set forth above - viz., that the Commission mailed the Opinion and Order to him at the East Eighth Street address and faxed it to him at the number he had given, neither of which he ever updated.

In view of Jett's failure to provide any admissible proof that he did not receive the Opinion and Order when the Commission sent it to him, the Court would be entitled to rely on the well known presumption that mail is delivered in the usual course.[19]  But there is no need to rest on that alone.  Even assuming the truth of Jett's unsworn denial and his other excuses,[20] there was no deprivation of due process.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution requires "notice and opportunity for hearing appropriate to the nature of the case."[21]  But a governmental entity need provide only "notice reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present

article  published on May 2, 2004 describes the SEC ruling and quotes an "unrepentant" Jett as having said:

"So the Securities and Exchange Commission won't let me work on WallStreet . . . .  [This was among the terms of the Opinion and Order.]  Who cares?  I'm still legal on the exchanges in Toronto, London and the Cayman Islands."  Robert Johnson, *Repentant?  No.  Bitter?  Less,* N.Y. TIMES, § 3, 2:2 (May 2, 2004).

[19]

*E.g., Hagner v. United States,* 285 U.S. 427, 430 (1932); *Dunlop v. United States,* 165 U.S. 486, 495 (1897); *Schutz v. Jordan,* 141 U.S. 213, 221 (1891).

[20]

He contends also, among other things and again in unsworn form, that (a) the 61 East Eighth Street address to which the Opinion and Order was sent by mail had been a Mailbox Etc. store, but had ceased to operate in 2001; (b) the fax number to which it was faxed was for a FedEx location and was given for the purpose of sending a fax to Jett only on a specific day, and (c) Jett's contact information has been available on the Internet "throughout this period."

[21]

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

8

their objections."[22]  Actual notice is not required.[23]  Moreover, service by mail ordinarily is adequate to provide reasonable notice.[24]

Here, the Commission mailed the Opinion and Order to Jett at the address and faxed it to the number that he provided.  It more than complied with its Rules of Practice.  Its actions constituted "notice reasonably calculated, under all the circumstances, to" inform Jett of the Opinion and Order.  If Jett did not receive it because the address and fax number were not current, he has only himself to blame.  There was no deprivation of due process.

*Conclusion*

The Commission's application is granted in all respects.  The Clerk shall enter judgment accordingly and close the case.

SO ORDERED.

Dated:          September 7, 2007

Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

22

*Id.* at 314.

23

*Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

24

*Id.* at 169; *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 490 (1988); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983); *Schroeder v. City of New York*, 371 U.S. 208, 214 (1962).